**STATE EX REL. CITY OF SALISBURY v. CAMPBELL**

[169 N.C. App. 829 (2005)]

———————————

STATE OF NORTH CAROLINA *EX REL.* CITY OF SALISBURY, AN INCORPORATED MUNICIPALITY, PLAINTIFF v. FRED M. CAMPBELL AND WIFE, CRISTITA P. CAMPBELL, DEFENDANTS

No. COA04-904

(Filed 19 April 2005)

**1. Nuisance— leasing house for drug sales—evidence not sufficient**

Plaintiff did not establish a nuisance under N.C.G.S. § § 19-1(a) and 19-1.2 at a rental house owned by defendants where the evidence showed some drug activity, but did not establish that the

purpose of leasing the property was to conduct illegal drug sales in the regular course of business.

**2. Nuisance— ongoing breaches of peace—rental house—evidence not sufficient**

Plaintiff did not establish a nuisance for ongoing breaches of the peace under N.C.G.S. § 19-1(b) at a rental house owned by defendants where some of the trips to the house by officers involved service of misdemeanor warrants, with no evidence of a threat to citizens or disturbance of the public order; some were in response to domestic disturbances, with no evidence of an assault or other unlawful activity breaching the peace; and the three instances which were breaches of the peace occurred over two and a half years and did not meet the statutory standard of repeated acts.

Appeal by plaintiff from order entered 6 April 2004 by Judge Christopher M. Collier in Rowan County Superior Court. Heard in the Court of Appeals 8 March 2005.

*Woodson, Sayers, Lawther, Short, Parrott & Walker, LLP, by Sean C. Walker, for plaintiff-appellant.*

*No brief for defendant-appellees.*

ELMORE, Judge.

On 25 March 2003, the City of Salisbury (plaintiff) commenced a nuisance abatement action against Fred M. Campbell (defendant) and his wife, Cristita P. Campbell (Cristita).[1] In its complaint, plaintiff alleged that defendants rented property in Salisbury that constituted a nuisance. Plaintiff sought a permanent injunction and order of abatement barring defendants and their tenants from continuing the nuisance. The Rowan County Superior Court heard evidence concerning the request for abatement on 16 March 2004. After both parties presented their cases, the court ruled in favor of defendant. The court subsequently filed an order on 6 April 2004 denying plaintiff's request for abatement.

The property at issue in this case is a duplex rental house located on Main Street in Salisbury, North Carolina. Plaintiff argues that the property was a nuisance because of drug trafficking activities and

---

1. A clerk of Rowan County Superior Court entered default against Cristita following her failure to timely file an answer or other pleading.

STATE ex rel. CITY OF SALISBURY v. CAMPBELL

[169 N.C. App. 829 (2005)]

breaches of the peace that occurred on the property. The trial court found that between November 1998 and January 2004, officers from the Salisbury Police Department went to defendant's property 24 times. In particular, officers arrived at the property to serve misdemeanor warrants, respond to domestic disturbance calls, and investigate suspected drug activity. Nevertheless, the court in its order determined that plaintiff failed to establish that the property, "**as a regular course of business**, was used for the **purposes** of lewdness or the illegal possession of controlled substances[.]"

## I.

[1] We note at the outset that plaintiff does not assign error to any of the trial court's findings. Thus, the findings are "presumed to be supported by competent evidence and are binding on appeal." *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). Plaintiff argues, however, that the evidence of drug activity and domestic disturbances that occurred on defendant's property conform with the requirements of N.C. Gen. Stat. § 19-1 *et. seq.* establishing a nuisance.

Pursuant to N.C. Gen. Stat. § 19-1, a public nuisance includes the "use, ownership or leasing of any building or place for the purpose of . . . illegal possession or sale of controlled substances . . . ." N.C. Gen. Stat. § 19-1(a) (2003). Section 19-1.2 of our Statutes, entitled "Types of Nuisances," provides that where conduct prohibited in Section 19-1(a) is involved, a nuisance may be declared at "[e]very place which, as a *regular course of business*, is used for the purposes of . . . the illegal possession or sale of controlled substances . . . and every such place in or upon which . . . the illegal possession or sale of controlled substances . . . are held or occur." N.C. Gen. Stat. § 19-1.2(6) (2003) (emphasis added).

This Court has stated that "[s]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each. . . . The various provisions of an act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency, so as to render the statute a consistent and harmonious whole." *Huntington Props., LLC v. Currituck Cty*, 153 N.C. App. 218, 224, 569 S.E.2d 695, 700 (2002) (internal quotations omitted). Thus, the requirement of "regular course of business" in Section 19-1.2(6), although not set forth in Section 19-1(a), is to be given effect and interpreted as consistent with the requirement of the owner's purpose. Indeed, this Court has

indicated, in the context of prostitution, that evidence of the illegal activity being conducted in the regular course of business is relevant to the court's determination of whether the defendant owner is using the property for the purpose of this proscribed activity. *See Gilchrist, District Attorney v. Hurley*, 48 N.C. App. 433, 450, 269 S.E.2d 646, 656 (1980), *disc. review denied*, 301 N.C. 720, 274 S.E.2d 233 (1981).

Based upon reading Sections 19-1(a) and 19-1.2(6) together then, in order to establish a nuisance, plaintiff must show that defendant leased or used his property *for the purpose of* the illegal possession and sale of drugs. As a means of showing defendant's purpose in leasing or operating the building, plaintiff may present evidence that the sale of controlled substances occurred regularly. Defendant would then be permitted to offer evidence of a lawful business purpose in order to negate the inference that drug transactions were the sole purpose of the leasing or use of the property. *See id.* (noting that defendants failed to present evidence that the property was used for any lawful business purpose).

Here, the trial judge concluded that the property was not used in the regular course of business for the purpose of illegal drug activities. The record establishes that confirmed drug activity occurred on the property three times since the year 2000: police officers executed a controlled buy of cocaine from one of defendant's tenants in August 2000; in September 2000, this same tenant was arrested after cocaine and marijuana were found on his person; and during a search of the property in July 2001, police officers found 12 rocks of cocaine.[2] Although these events establish that some drug activity occurred at or near defendant's property, they are not sufficient to establish that drug possession and sales occurred as a regular course of business. Plaintiff points to no other evidence tending to show that the purpose of defendant's leasing the property was to conduct illegal drug sales. Therefore, plaintiff has not established a nuisance under N.C. Gen. Stat. §§ 19-1(a) and 19-1.2.

II.

[2] Plaintiff also argues that ongoing breaches of the peace on defendant's property constitute a nuisance. N.C. Gen. Stat. § 19-1(b) (2003) provides that "[t]he . . . use, ownership or leasing of any building or place wherein or whereon are carried on, conducted, or per-

---

2. We note that plaintiff and the State could have addressed the drug activity directly in a criminal action against defendant's tenant for possession and sale of cocaine in violation of N.C. Gen. Stat. § 90-95.

mitted repeated acts which create and constitute a breach of the peace shall constitute a nuisance." Accordingly, plaintiff must establish that repeated breaches of the peace occurred on defendant's property.

The term "breach of the peace" is defined as "repeated acts that disturb the public order including, but not limited to, homicide, assault, affray, communicating threats, unlawful possession of dangerous or deadly weapons, and discharging firearms." N.C. Gen. Stat. § 19-1.1(1) (2003). Although the definition is not confined to these examples, each individual example is a crime. Therefore, in order to determine if a breach of the peace has occurred, the nature of the incident will be determinative.[3]

Plaintiff argues that the two-dozen trips to defendant's property by police officers satisfy the requirements of N.C. Gen. Stat. § 19-1(b). A careful review of the record, however, indicates that the requirements of the statute have not been met. First, out of the 24 trips by police officers, seven involved service of misdemeanor warrants and one involved a search warrant. There is no evidence that these events involved any threats to other citizens or disturbed the public order.

Second, six of the police officers' trips were in response to phone calls reporting domestic disturbances. Based on the definition of "breach of the peace," domestic disturbances, without more, should not be considered in determining whether the property is a nuisance. The nature of a domestic disturbance call is ambiguous, and the evidence does not establish that these disturbances involved an assault or any other unlawful activity that might be considered a breach of the peace.

Third, of the remaining trips, two involved assaults and one involved a disturbance with shots fired. Under Section 19-1.1, these unlawful acts constitute breaches of the peace. However, these three instances occurred over the course of approximately two and a half years. The most recent of these instances happened in August 2001, nearly a year and a half before this action was filed. Pursuant to N.C. Gen. Stat. § 19-1(b), only repeated acts that disturb the public order constitute a nuisance. We do not believe that three incidents over the

---

3. Our General Assembly has chosen to provide specific examples within the definition of breach of the peace. In contrast, Black's Law Dictionary defines "breach of the peace" more broadly as "[t]he criminal offense of creating a public disturbance or engaging in disorderly conduct, particularly by an unnecessary or distracting noise." *Black's Law Dictionary* 201 (8th ed. 2004).

COHEN SCHATZ ASSOCS. v. PERRY

[169 N.C. App. 834 (2005)]

course of two and a half years meets the standard of "repeated acts" set forth in N.C. Gen. Stat. § 19-1(b). As such, plaintiff has not established that defendant's property constitutes a nuisance under N.C. Gen. Stat. § 19-1(b).

For the foregoing reasons, the order of the trial court denying plaintiff's request for abatement is affirmed.

Affirmed.

Judges WYNN and TYSON concur.